**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BROADBAND FACILITY PARTNERS, LLC**, a Colorado limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>**TEN X CAPITAL PARTNERS III, LLC, SERIES D**, a Delaware limited liability company, **d/b/a CHICAGO FIBER SYSTEMS**,<br><br>  Defendant. | FILED: MARCH 20, 2008<br>08CV1623         AEE<br>JUDGE LEINENWEBER<br>MAGISTRATE JUDGE BROWN<br><br>Civil Action No. _____ |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, for its Complaint against the Defendant, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Broadband Facility Partners, LLC is a Colorado limited liability company ("BFP").

2. BFP's principal place of business is located at 3658 East Easter Circle South, Littleton, Colorado 80122.

3. Each of BFP's members is a citizen of the State of Colorado.

4. Defendant Ten X Capital Partners III, LLC, Series D ("Ten X") is a Delaware limited liability company.

5. Ten X's principal place of business is located at 650 Warrenville Road, Suite 100-A, Lisle, Illinois 60532.

6. Each of Ten X's members is a citizen of either California or Illinois.

7. Chicago Fiber Systems is a commercial fiber optic service company that did business, which was, at all times relevant to this action, owned and operated by Ten X.

8. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based on diversity of citizenship because (1) Plaintiff is a limited liability company organized under the laws of Colorado with each member being a citizen of Colorado, (2) Defendant is a limited liability company organized under the laws of Delaware with each member being a citizen of either California or Illinois, and (3) the matter in controversy, exclusive of interest and costs, exceeds the sum specified by 28 U.S.C. § 1332.

9. Venue is proper under 28 U.S.C. § 1391(a)(1), in that the sole defendant resides in this judicial district. Venue is also proper under 28 U.S.C. § 1391(a)(2) in that a substantial amount of the events or omissions giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

10. BFP is in the primary business of brokering telecommunication network assets and infrastructure and providing channel sales and marketing, valuation expertise and network solutions services to the telecommunications industry.

11. BFP's principals have cultivated and closed several asset dispositions based upon a collective forty plus years of experience in this industry niche.

12. As compensation for its services, BFP normally receives a commission in the range of 10% to 15% of any transaction's value.

13. In mid-2006, Michael Underdown, Project Manager of Ten X, engaged BFP for the purpose of developing a strategy for Chicago Fiber Systems' network assets.

14. During the course of Mr. Underdown's dealings with BFP's principals, Mr. Underdown acted as a duly authorized agent of Ten X and Chicago Fiber Systems.

15. Early in the parties' relationship, when Mr. Underdown initially requested BFP's assistance, BFP gave Mr. Underdown a copy of BFP's standard fee agreement which referenced a 12% commission fee for BFP's services. Mr. Underdown did not raise any concern with that commission amount and told BFP to commence work on Ten X's behalf.

16. BFP thereafter worked to: (a) identify potential customers for Chicago Fiber Systems and potential buyers for Chicago Fiber Systems' fiber optic network assets, (b) market and promote Chicago Fiber Systems' services and/or assets to potential customers and/or buyers, and (c) facilitate communications between prospective customers or buyers and Chicago Fiber Systems.

17. In January 2007, BFP's principals formally introduced Sunesys, LLC to Mr. Underdown as a prospective buyer of Chicago Fiber Systems' network assets.

18. On January 31, 2007, Mr. Underdown, for the first time, stated that BFP's 12% fee was unacceptable to Ten X.

19. On February 15, 2007, Mr. Underdown promised BFP's principals that BFP would receive at least $350,000 as compensation for its services, emphasizing that more compensation was contingent upon an acceptable offer.

20. Between January 2007 and April 2007, BFP's principals facilitated communications between Mr. Underdown and Sunesys, LLC's representative, keeping communications between the parties open and the potential transaction between the parties on track towards completion.

21. In mid-April 2007, Mr. Underdown advised BFP's principals that Ten X had approved a 5% commission as the basis for BFP's compensation. BFP, however, rejected the 5% commission and so informed Ten X.

3

22. On April 24, 2007, Mr. Underdown sent a Finders Fee Agreement by e-mail to BFP's principals, stating:

> After internal discussions, the view of the executive management of CFS and the board of directors of Ten X Capital Partners III is that the role played by Broadband Facilities Partners regarding the "potential" sale of CFS to SuneSys (sic) LLC is one of a finder, therefore, the board has approved a finders fee agreement. This fee will be a single occurrence flat fee of one hundred thousand dollars ($100,000.00), paid upon the successful closing of a transaction with Sunesys.

23. BFP's principals rejected Ten X's Finders Fee Agreement, and advised Mr. Underdown and David Matre, Ten X's Chief Financial Officer, that Ten X's proposed $100,000 flat fee, which constituted approximately a 1.25% commission, was both an insult and wholly inconsistent with the parties' prior communications.

24. In or about April 2007, Sunesys, LLC and Ten X entered into a Letter of Intent confirming Sunesys, LLC's intent to purchase all of Chicago Fiber Systems' existing assets and certain related liabilities.

25. Upon information and belief, the purchase price that Sunesys, LLC paid for Chicago Fiber Systems' assets was in excess of $8.0 million.

26. Upon information and belief, in or about July 2007, Ten X and Sunesys, LLC closed the asset sale for an amount believed to be in excess of $8.0 million.

27. Ten X has benefited from BFP's service of introducing Sunesys, LLC to Ten X.

28. Ten X, however, has refused to adequately compensate BFP for the services that BFP provided to Ten X.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Quantum Meruit)

29. All prior allegations are incorporated herein by reference.

30. BFP provided services to Ten X, the reasonable value of which was approximately $960,000 (equal to a 12% fee based on a transactional value of $8 million).

31. Ten X received a benefit as a result of BFP's services that would make it unjust for Ten X to retain that benefit without paying for BFP's services.

## Second Claim for Relief
### (Promissory Estoppel)

32. All prior allegations from paragraphs 1 through 29 are incorporated herein by reference.

33. On February 15, 2007, Mr. Underdown, acting as Ten X's Project Manager and as Chicago Fiber System's President, promised BFP's principals that BFP would receive at least $350,000 as compensation for BFP's services to Ten X, with more compensation contingent upon an acceptable offer (the "Ten X promise"). Ten X received and accepted an acceptable offer from Sunesys, LLC.

34. BFP, in reliance upon the Ten X promise, provided services to Ten X.

35. Mr. Underdown should reasonably have expected that the Ten X promise would induce action or forbearance by BFP and its principals.

36. BFP relied on the Ten X promise to its detriment.

37. The Tex X promise must be enforced to prevent injustice.

\* \* \*

WHEREFORE, Plaintiff demands judgment against the Defendant for an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury, on all issues triable to a jury.

Dated: March 20, 2008

5

        Respectfully submitted,

        **BROADBAND FACILITY PARTNERS, LLC,**
        *Plaintiff*

        By:   /s/ Jennifer Yule DePriest
              Marshall Seeder (#3127674)
              Jennifer Yule DePriest (#6272137)
              Kendric M. Cobb (#6282673)
              Reed Smith LLP
              10 S. Wacker Drive
              Chicago, Illinois 60606
              (312) 207-1000
              (312) 207-6400 (fax)
              jdepriest@reedsmith.com

*Of counsel*:

Andrew M. Schauer
Krys Boyle, P.C.
Suite 2700 South Tower
600 Seventeenth Street
Denver, Colorado 80202-5427

CHILIB-2166063.3-329449-00001