IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BROADBAND FACILITY PARTNERS, LLC, a Colorado limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>TEN X CAPITAL PARTNERS III, LLC, SERIES D, a Delaware limited liability company, d/b/a CHICAGO FIBER SYSTEMS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08-CV-1623<br><br>  JUDGE LEINENWEBER<br>  MAGISTRATE JUDGE BROWN |

## ANSWER TO A COMPLAINT

Defendant Ten X Capital Partners III, LLC, Series D, a Delaware series limited liability company ("Ten X"), by its attorneys, Paul W. Carroll and Eric P. Sparks, answers the Complaint as follows:

    1.    Plaintiff Broadband Facility Partners, LLC is a Colorado limited liability company ("BFP").

**ANSWER:**    Ten X lacks information sufficient to admit or deny the allegation of Paragraph 1.

    2.    BFP's principal place of business is located at 3658 East Easter Circle South, Littleton, Colorado 80122.

**ANSWER:**    Ten X lacks information sufficient to admit or deny the allegation of Paragraph 2.

    3.    Each of BFP's members is a citizen of the State of Colorado.

**ANSWER:**   Ten X lacks information sufficient to admit or deny the allegation of Paragraph 3.

4.   Defendant Ten X Capital Partners III, LLC, Series D ("Ten X") is a Delaware limited liability company.

**ANSWER:**   Ten X admits the allegation of Paragraph 4.

5.   Ten X's principal place of business is located at 650 Warrenville Road, Suite 100-A, Lisle, Illinois 60532.

**ANSWER:**   Ten X admits the allegation of Paragraph 5.

6.   Each of Ten X's members is a citizen of either California or Illinois.

**ANSWER:**   Ten X admits the allegation of Paragraph 6.

7.   Chicago Fiber Systems is a commercial fiber optic service company that did business, which was, at all times relevant to this action, owned and operated by Ten X.

**ANSWER:**   Ten X admits the allegations of Paragraph 7.

8.   Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based on diversity of citizenship because (1) Plaintiff is a limited liability company organized under the laws of Colorado with each member being a citizen of Colorado, (2) Defendant is a limited liability company organized under the laws of Delaware with each member being a citizen of either California or Illinois, and (3) the matter in controversy, exclusive of interest and costs, exceeds the sum specified by 28 U.S.C. § 1332.

**ANSWER:**   Ten X lacks information sufficient to admit or deny the allegation of Paragraph 8.

9. Venue is proper under 28 U.S.C. § 1391(a)(1), in that the sole defendant resides in this judicial district. Venue is also proper under 28 U.S.C. § 1391(a)(2) in that a substantial amount of the events or omissions giving rise to the claims occurred in this judicial district.

**ANSWER:** Ten X admits the allegations of Paragraph 9.

## GENERAL ALLEGATIONS

10. BFP is in the primary business of brokering telecommunication network assets and infrastructure and providing channel sales and marketing, valuation expertise and network solutions services to the telecommunications industry.

**ANSWER:** Ten X lacks information sufficient to admit or deny the allegations of Paragraph 10.

11. BFP's principals have cultivated and closed several asset dispositions based upon a collective forty plus years of experience in this industry niche.

**ANSWER:** Ten X lacks information sufficient to admit or deny the allegations of Paragraph 11.

12. As compensation for its services, BFP normally receives a commission in the range of 10% to 15% of any transaction's value.

**ANSWER:** Ten X lacks information sufficient to admit or deny the allegations of Paragraph 12.

13. In mid-2006, Michael Underdown, Project Manager of Ten X, engaged BFP for the purpose of developing a strategy for Chicago Fiber Systems' network assets.

**ANSWER:** Ten X denies the allegations of Paragraph 13.

14. During the course of Mr. Underdown's dealings with BFP's principals, Mr. Underdown acted as a duly authorized agent of Ten X and Chicago Fiber Systems.

**ANSWER:** Ten X denies the allegations of Paragraph 14.

15. Early in the parties' relationship, when Mr. Underdown initially requested BFP's assistance, BFP gave Mr. Underdown a copy of BFP's standard fee agreement which referenced a 12% commission fee for BFP's services. Mr. Underdown did not raise any concern with that commission amount and told BFP to commence work on Ten X' s behalf.

**ANSWER:** Ten X admits it received a form fee agreement, but denies the remaining allegations of Paragraph 15.

16. BFP thereafter worked to: (a) identify potential customers for Chicago Fiber Systems and potential buyers for Chicago Fiber Systems' fiber optic network assets, (b) market and promote Chicago Fiber Systems' services and/or assets to potential customers and/or buyers, and (c) facilitate communications between prospective customers or buyers and Chicago Fiber Systems.

**ANSWER:** Ten X lacks information sufficient to either admit or deny the allegations in subsections (a) and (b) of Paragraph 16. Ten X admits that BFP introduced a prospective buyer to Ten X, but Ten X denies the remaining allegations of Paragraph 16.

17. In January 2007, BFP's principals formally introduced Sunesys, LLC to Mr. Underdown as a prospective buyer of Chicago Fiber Systems' network assets.

**ANSWER:** Ten X admits the allegations of Paragraph 17.

18. On January 31, 2007, Mr. Underdown, for the first time, stated that BFP's 12% fee was unacceptable to Ten X.

**ANSWER:** Ten X denies the allegations of Paragraph 18.

4

19.     On February 15, 2007, Mr. Underdown promised BFP's principals that BFP would receive at least $350,000 as compensation for its services, emphasizing that more compensation was contingent upon an acceptable offer.

**ANSWER:**     Ten X denies the allegations of Paragraph 19.

20.     Between January 2007 and April 2007, BFP's principals facilitated communications between Mr. Underdown and Sunesys, LLC's representative, keeping communications between the parties open and the potential transaction between the parties on track towards completion.

**ANSWER:**     Ten X denies the allegations of Paragraph 20.

21.     In mid-April 2007, Mr. Underdown advised BFP's principals that Ten X had approved a 5% commission as the basis for BFP's compensation. BFP, however, rejected the 5% commission and so informed Ten X.

**ANSWER:**     Ten X denies the allegations of Paragraph 21.

22.     On April 24, 2007, Mr. Underdown sent a Finders Fee Agreement by e-mail to BFP's principals, stating:

> After internal discussions, the view of the executive management of CFS and the board of directors of Ten X Capital Partners III is that the role played by Broadband Facilities Partners regarding the "potential" sale of CFS to SuneSys (sic) LLC is one of a finder, therefore, the board has approved a finders fee agreement. This fee will be a single occurrence flat fee of one hundred thousand dollars ($100,000.00), paid upon the successful closing of a transaction with Sunesys.

**ANSWER:**     Ten X lacks information sufficient to either admit or deny the allegations

of Paragraph 22.

23.     BFP's principals rejected Ten X's Finders Fee Agreement, and advised Mr. Underdown and David Matre, Ten X's Chief Financial Officer, that Ten X's proposed $100,000 flat fee, which constituted approximately a 1.25% commission, was both an insult and wholly inconsistent with the parties' prior communications.

5

**ANSWER:** Ten X admits that BFP's principals rejected Ten X's Finders Fee Agreement, but denies the remaining allegations of Paragraph 23.

24. In or about April 2007, Sunesys, LLC and Ten X entered into a Letter of Intent confirming Sunesys, LLC's intent to purchase all of Chicago Fiber Systems' existing assets and certain related liabilities.

**ANSWER:** Ten X admits the allegations of Paragraph 24.

25. Upon information and belief, the purchase price that Sunesys, LLC paid for Chicago Fiber Systems' assets was in excess of $8.0 million.

**ANSWER:** Ten X admits the allegations of Paragraph 25.

26. Upon information and belief, in or about July 2007, Ten X and Sunesys, LLC closed the asset sale for an amount believed to be in excess of $8.0 million.

**ANSWER:** Ten X denies the allegations of Paragraph 26.

27. Ten X has benefited from BFP's service of introducing Sunesys, LLC to Ten X.

**ANSWER:** Ten X admits the allegation of Paragraph 27.

28. Ten X, however, has refused to adequately compensate BFP for the services that BFP provided to Ten X.

**ANSWER:** Ten X denies the allegation of Paragraph 28.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Quantum Meruit)

29. All prior allegations are incorporated herein by reference.

6

**ANSWER:**    Ten X hereby incorporates herein by reference its Answers to all prior allegations as its Answer to the allegations of Paragraph 29.

30.    BFP provided services to Ten X, the reasonable value of which was approximately $960,000 (equal to a 12% fee based on a transactional value of $8 million).

**ANSWER:**    Ten X denies the allegations of Paragraph 30.

31.    Ten X received a benefit as a result of BFP's services that would make it unjust for Ten X to retain that benefit without paying for BFP's services.

**ANSWER:**    Ten X denies the allegations of Paragraph 31.

WHEREFORE TEN X CAPITAL PARTNERS III, LLC, SERIES D, prays for judgment in its favor and against Plaintiff Broadband Facility Partners, LLC, and prays for its fees and costs, and for such further relief as the Court deems just.

**Second Claim for Relief**
**(Promissory Estoppel)**

32.    All prior allegations from paragraphs 1 through 29 are incorporated herein by reference.

**ANSWER:**    Ten X incorporates herein by reference its Answers to Paragraphs 1 through 29 as its Answer to the allegations of Paragraph 32.

33.    On February 15, 2007, Mr. Underdown, acting as Ten X's Project Manager and as Chicago Fiber System's President, promised BFP's principals that BFP would receive at least $350,000 as compensation for BFP's services to Ten X, with more compensation contingent upon an acceptable offer (the "Ten X promise"). Ten X received and accepted an acceptable offer from Sunesys, LLC.

**ANSWER:**    Ten X denies the allegations of Paragraph 33.

7

      34.    BFP, in reliance upon the Ten X promise, provided services to Ten X.

**ANSWER:**    Ten X denies the allegations of Paragraph 34.

      35.    Mr. Underdown should reasonably have expected that the Ten X promise would induce action or forbearance by BFP and its principals.

**ANSWER:**    Ten X denies the allegations of Paragraph 35.

      36.    BFP relied on the Ten X promise to its detriment.

**ANSWER:**    Ten X denies the allegations of Paragraph 36.

      37.    The Tex X promise must be enforced to prevent injustice.

**ANSWER:**    Ten X denies the allegations of Paragraph 37.

WHEREFORE TEN X CAPITAL PARTNERS III, LLC, SERIES D, prays for judgment in its favor and against Plaintiff Broadband Facility Partners, LLC, and prays for its fees and costs, and for such further relief as the Court deems just.

                        TEN X CAPITAL PARTNERS III, LLC, SERIES D

                            /s/ Eric P. Sparks
                        One of its Attorneys

Paul W. Carroll (#6196314)
Eric P. Sparks (#6279842)
Gould & Ratner LLP
222 North LaSalle Street, Suite 800
Chicago, IL 60601
312-236-3003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BROADBAND FACILITY PARTNERS, LLC, a Colorado limited liability company, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 08-CV-1623 |
| TEN X CAPITAL PARTNERS III, LLC, SERIES D, a Delaware limited liability company, d/b/a CHICAGO FIBER SYSTEMS, ) ) ) ) | JUDGE LEINENWEBER MAGISTRATE JUDGE BROWN |
| Defendant. ) | |

## LR 3.2 NOTIFICATION AS TO AFFILIATES

Defendant Ten X Capital Partners III, LLC, Series D, a Delaware series limited liability company, has no publicly held affiliates under Local Rule 3.2.

                                                                         TEN X CAPITAL PARTNERS III, LLC, SERIES D

                                                                         ___/s/ Eric P. Sparks_____
                                                                         One of its Attorneys

Paul W. Carroll (#6196314)
Eric P. Sparks (#6279842)
Gould & Ratner LLP
222 North LaSalle Street, Suite 800
Chicago, IL 60601
312-236-3003

400085.1 102950.008